**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HEATHER LYNN DAUJOTAS, | DOCKET NUMBER |
| Appellant, | CH-0752-19-0455-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: February 23, 2023 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Ericka Owens</u>, Great Lakes, Illinois, for the appellant.

<u>Lauren Leathers</u>, Falls Church, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her indefinite suspension appeal as moot. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant was appointed to the position of Physical Science Technician at the Initial Testing Department, Directorate of Operations, with the Navy Drug Screening Laboratory in October 2016.  Initial Appeal File (IAF), Tab 10 at 198.  The record reflects that, as of July 24, 2017, the agency designated her position as "non-critical sensitive."  *Id*. at 394-95.  On May 2, 2019, the Department of Defense Consolidated Adjudications Facility (DODCAF) revoked the appellant's "eligibility for access to classified information and/or assignment to duties that were designated national security sensitive."  *Id.* at 35.  The notice informed the appellant that she could appeal the decision to the Personnel Security Appeals Board (PSAB).  *Id.*

¶3    On May 8, 2019, the Deputy of Operations with the Initial Testing Department, Navy Drug Screening Laboratory, proposed to indefinitely suspend the appellant from duty and pay status based on the "revocation [of her] secret eligibility determination" pending the final adjudication of her security clearance. *Id.* at 32.  The agency placed the appellant in an unpaid non-duty status beginning the following day.  *Id.* at 33-34.  She was advised of her right to respond to the proposal notice.  *Id.* at 33.

¶4    On May 13, 2019, the agency issued the appellant a revised proposal to indefinitely suspend her.  *Id.* at 28.  Contrary to the original proposal, however, the revised proposal informed the appellant that she would be given 30 days of advance notice, during which she would remain in a non-duty paid status, or administrative leave, throughout this notice period.  *Id.* at 23, 29-30.

¶5    On May 14, 2019, the appellant elected to appeal the DODCAF decision to the PSAB.  *Id*. at 26.  On May 28, 2019, the agency issued its decision affirming

the proposed indefinite suspension.[2]  *Id.* at 22-23.  The decision informed the appellant that she would be indefinitely suspended effective June 8, 2019, pending the final adjudication of her security clearance by DODCAF.  *Id.* at 23.

¶6    The appellant subsequently appealed her indefinite suspension to the Board. IAF, Tab 1.  She alleged that her security revocation and subsequent indefinite suspension were the product of disability discrimination and harmful procedural errors.  IAF, Tab 9 at 4-7.  During a telephonic status conference, the agency represented that it planned to rescind the appellant's indefinite suspension and was in the process of completing the requisite paperwork to do so.  IAF, Tab 11 at 1.  The administrative judge informed the parties that this action might render the appeal moot, provided the agency returned the appellant to status quo ante. *Id.* at 1-2.  The administrative judge ordered the agency to file a notice of its rescission and informed the appellant that she could object to the rescission if she did not believe she was returned to status quo ante.  *Id.* at 3.

¶7    The agency responded, asserting that on August 12, 2019, it unilaterally cancelled the appellant's indefinite suspension effective June 8, 2019, and submitted documentation that it retroactively placed the appellant in an administrative leave status from June 8 through August 3, 2019.  IAF, Tab 12 at 4-15, Tab 15 at 5-6.  The agency subsequently provided documentation that it awarded the appellant a bonus that she would have been awarded had she not been in a non-pay status during that period.  IAF, Tab 15 at 6, 8.  The appellant argued that she had not been returned to status quo ante and thus the appeal was not moot.  IAF, Tabs 13, 17.  According to the appellant, in order to be returned to status quo ante, the agency needed to reinstate her to her same shift, strike the disciplinary action from her personnel record, and award her lost overtime compensation and attorney fees and costs.  IAF, Tab 13 at 4-6.

---

[2] The agency's decision identifies the notice of proposed indefinite suspension as "dated May 8, 2019 and revised on May 13, 2019."  IAF, Tab 10 at 22.

¶8      The administrative judge subsequently issued an initial decision dismissing the appeal as moot. IAF, Tab 18, Initial Decision (ID) at 1. According to the administrative judge, the agency's cancellation of the indefinite suspension and retroactive placement of the appellant on administrative leave, effective June 8, 2019, and continuing, restored her to the same status she held prior to the issuance of the indefinite suspension decision. ID at 6. The administrative judge found that the agency provided the appellant with the requisite back pay and the applicable bonus. *Id.* She further found that, because the appellant was placed on administrative leave, she was not eligible for overtime pay. *Id.* Finally, the administrative judge found that the Board does not adjudicate attorney fee requests until a final decision has been issued. ID at 7. However, she suggested that, under the circumstances here, the appellant was not a "prevailing party" entitled to attorney fees and costs. *Id.*

¶9      The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. She argues that her appeal is not moot because she has not been returned to status quo ante. *Id.* at 9-12. She also argues that she is entitled to attorney fees because she was the prevailing party. *Id.* at 12-19. She attaches new documents on review, including correspondence between her and her attorney, an April 2019 performance review, and documents relating to her payment of attorney fees.[3] PFR File, Tab 2 at 4-18. The agency has responded to her petition for review, and the appellant has replied to its response. PFR File, Tabs 6, 7.

---

[3] The appellant additionally asserts that, beyond the evidence submitted for the first time on review, there is new and material evidence or legal argument that was not available when the record closed despite her due diligence. PFR File, Tab 1 at 11, Tab 7 at 4-5. We need not address the new arguments or evidence on review because, as set forth below, we remand this appeal for further adjudication.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The appellant has sufficiently alleged that she has not been returned to status quo ante, and thus, her appeal is not moot.</u>

¶10        The appellant argues on review that she has not been returned to status quo ante, and thus her appeal is not moot because the disciplinary actions must be purged from her record, she should be returned to active duty in "her 6 AM shift," and she is entitled to overtime compensation and attorney fees and costs.  PFR File, Tab 1 at 9.  The administrative judge held that, because the agency rescinded the indefinite suspension, returned the appellant to administrative leave, paid her back pay, and paid her a bonus, the agency returned the appellant to status quo ante.[4]  ID at 7.  For the reasons set forth below, we disagree.

¶11        The Board's jurisdiction is determined by the nature of an agency's action at the time an appeal is filed with the Board.  *Sredzinski v. U.S. Postal Service*, 105 M.S.P.R. 571, ¶ 4 (2007).  An indefinite suspension lasting more than 14 days is an adverse action appealable to the Board under 5 U.S.C. § 7513(d).  5 U.S.C. § 7512(2); *Palafox v. Department of the Navy*, 124 M.S.P.R. 54, ¶ 8 (2016).  An agency's unilateral modification of its adverse action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divesture or unless the agency completely rescinds the action being appealed.[5]  *Sredzinski*, 105 M.S.P.R. 571, ¶ 4.  Thus, the Board may dismiss an appeal as moot if the appealable action is cancelled or rescinded by the agency.  *Id.*  For an appeal to be rendered moot, an appellant must receive all of

---

[4] The agency did not process the appellant's lost wages and benefits as back pay, as suggested by the administrative judge.  Instead, it retroactively placed her in an administrative leave status from June 8 to August 3, 2019.  IAF, Tab 15 at 5-6.

[5] The administrative judge suggested below that the appellant consented to such divesture by agreeing at the status conference that, if the agency rescinded the indefinite suspension and reinstated the appellant with full back pay and benefits, the rescission would be complete.  ID at 7.  We disagree.  The appellant's repeated assertions that she had not been returned to status quo ante demonstrates that she did not consent to such divesture.  IAF, Tabs 13, 17.

the relief that she could have received if the matter had been adjudicated and she had prevailed. *Murphy v. Department of Justice*, [107 M.S.P.R. 154](#), ¶ 6 (2007). That is, the employee must be returned to the status quo ante and not left in a worse position because of the cancellation than she would have been in if the matter had been adjudicated. *Gillespie v. Department of Defense*, [90 M.S.P.R. 327](#), ¶ 7 (2001). If an appeal is not truly moot despite cancellation of the action under appeal, the proper remedy is for the Board to retain jurisdiction and to adjudicate the appeal on the merits. *Fernandez v. Department of Justice*, [105 M.S.P.R. 443](#), ¶ 5 (2007). The record does not support the finding that the appellant has been returned to status quo ante for several reasons.

> *The record is devoid of any evidence that the agency has purged the indefinite suspension from the appellant's personnel file.*

¶12     The appellant argued, both below and on review, that the agency has not purged the indefinite suspension from her personnel file. IAF, Tab 13 at 4; PFR File, Tab 1 at 9. In response to her request that the disciplinary action be struck from her record, the agency stated that "[o]n August 12, 2019, the Agency cancelled the Indefinite Suspension." IAF, Tab 15 at 5. To cancel an appealable action either when ordered by the Board or to render an appeal moot, an agency must remove all references to that action from the employee's personnel record. *Price v. U.S. Postal Service*, [118 M.S.P.R. 222](#), ¶ 13 (2012). The agency has the burden of proving mootness. *See Friends of the Earth, Inc. v. Landlaw Environmental Services (TOC), Inc.*, [528 U.S. 167](#), 189 (2000) (reflecting that the burden of proving mootness is on the moving party); *Price*, [118 M.S.P.R. 222](#), ¶ 10 (finding that an administrative judge did not, as an appellant claimed, allow an agency to avoid its burden of proving mootness). The agency here neither alleged nor offered evidence indicating that it purged the proposals to indefinitely suspend or the indefinite suspension decision from the appellant's record. On remand, the administrative judge should resolve whether the agency can meet its burden of proving it did so. In supporting its assertions, the agency should be

mindful that the statements of a party's representative in a pleading do not constitute evidence. *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995). This rule applies equally to the appellant.

> *On remand, the administrative judge should determine whether the agency provided the appellant with status quo ante relief when it placed her in an administrative leave status going forward.*

¶13   The administrative judge found that the appellant was returned to the same status she held prior to the issuance of the indefinite suspension, which was placement on administrative leave pending adjudication of her security clearance. ID at 6; IAF, Tab 15 at 5. The appellant continues to argue, as she did below, that status quo ante is a return to active duty, rather than administrative leave. PFR File, Tab 1 at 21; IAF, Tab 13 at 4-6. We are unable to resolve this issue on the record before us.

¶14   The Board generally has held that placing an appellant on administrative leave following the cancellation of an adverse action does not constitute a complete rescission of the agency action and thus a return to the status quo ante. *Sredzinski*, 105 M.S.P.R. 571, ¶ 8. The appellant was in a duty status as of May 8, 2019. IAF, Tab 1 at 6, Tab 10 at 32-34. On that date, the agency issued the proposed indefinite suspension that also placed her in an unpaid, non-duty status pending a decision on her proposed suspension. IAF, Tab 10 at 32-34. It subsequently corrected that status to administrative leave. IAF, Tab 1 at 6, Tab 10 at 28-30. In the absence of the proposed indefinite suspension here, there was no mechanism that placed the appellant on administrative leave. IAF, Tab 10 at 29. Moreover, the placement on administrative leave and the indefinite suspension both arose out of the May 2, 2019 DODCAF revocation decision. *Id.* at 28, 35. Accordingly, absent an exception, placement of the appellant on administrative leave is not status quo ante relief, as she should have been returned to active duty, the status she occupied prior to the rescinded action.

¶15 Such an exception exists if an agency's refusal to return the appellant to duty status is supported by a "strong overriding interest." *Sredzinski*, [105 M.S.P.R. 571](#), ¶ 8. The agency contended below that it could not return the appellant back to work because her access to sensitive information had been removed and her security clearance was being adjudicated. IAF, Tab 15 at 5. It is unclear from the record below whether this sufficiently demonstrates a strong overriding interest. For example, while the agency asserted in its proposed indefinite suspension that the appellant's position required a secret clearance, the record reflects that her position was designated as non-critical sensitive. IAF, Tab 10 at 28, 394; *see Gamboa v. Department of the Air Force*, [120 M.S.P.R. 594](#), ¶ 7 (2014) (explaining that, although adjudicated under the same standard, occupying a non-critical sensitive position is distinct from needing a security clearance). If the agency fails to make such a showing on remand, the appellant's placement on administrative leave cannot be said to be status quo ante. *Sredzinski*, [105 M.S.P.R. 571](#), ¶ 8.

> *On remand, the administrative judge should adjudicate the appellant's entitlement to overtime pay from June 8, 2019, forward.*

¶16 Regarding the issue of overtime pay, the appellant contends that she was not returned to status quo ante because she was not compensated for missed overtime beginning with the period of her proposed indefinite suspension on May 8, 2019. IAF, Tab 13 at 5; PFR File, Tab 1 at 9-10. The administrative judge did not address the appellant's entitlement to overtime pay during the 30-day notice period preceding the effective date of the action. ID at 6-7. Nonetheless, her failure to do so was not harmful because the appellant is not entitled to overtime for this period, which spanned May 8 to June 7, 2019. IAF, Tab 10 at 23, 29-30; *see Karapinka v. Department of Energy*, [6 M.S.P.R. 124](#), 127 (1981) (explaining that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights). The Board lacks jurisdiction to award back pay for pay enhancements such as overtime pay

lost during periods of administrative leave preceding an appealable action. *Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶ 12 (2015).

¶17    Here, documents submitted by the agency reflect that the appellant was in an administrative leave status during the notice period. IAF, Tab 10 at 23, 29-30. The appellant essentially conceded the point below by requesting overtime, but not back pay, for this period. IAF, Tab 13 at 5. To the extent that her demand for overtime pay on review includes this period, we are without authority to grant it.

¶18    The administrative judge held that the appellant was not eligible for overtime pay beginning June 8, 2019, the effective date of her suspension, because she was on administrative leave. ID at 6. As to the period of June 8, 2019, the effective date of the suspension, to August 12, 2019, the cancellation of that suspension, we disagree.[6] As discussed above, the status the appellant occupied prior to the rescinded action was active duty, not administrative leave.

¶19    Overtime back pay may be computed based on either the appellant's own overtime history or the average overtime hours worked by similarly situated employees during the relevant time period. *Rittgers*, 123 M.S.P.R. 31, ¶ 13. Before this appeal can be dismissed as moot, the agency must calculate and pay the appellant's overtime back pay for the period from June 8, 2019, forward, using a method most likely to restore her to status quo ante.[7] IAF, Tab 10 at 32-34, Tab 12 at 6; *see Rittgers*, 123 M.S.P.R. 31, ¶ 13.

---

[6] In light of the agency's cancellation of the suspension on August 12, 2019, we presume the appellant was placed in an administrative leave status at the beginning of the pay period that included that date, i.e., as of August 4, 2019. On remand, the administrative judge should clarify with the parties that the appellant received pay for the period from August 4 through 11, 2019. IAF, Tab 12 at 8-15.

[7] This is so regardless of whether the agency demonstrates that it has a strong overriding interest in placing the appellant on administrative leave as opposed to returning her to active duty. If the agency fails to demonstrate a strong overriding interest, then the appellant's overtime calculation should encompass the entire time that she was not in an active duty status. However, if the agency successfully demonstrates a strong overriding interest in placing the appellant on administrative leave following its cancellation of the indefinite suspension, the overtime calculation would end on the

¶20    According to the appellant, she worked 29 hours of overtime per week. PFR File, Tab 1 at 10; IAF, Tab 13 at 5. The agency declined to provide any overtime. IAF, Tab 15 at 6. The record does not contain any records to confirm that the appellant routinely worked overtime, and if so, how much. Therefore, we must remand this issue to the administrative judge to further develop the record and make a determination as to whether the agency has provided status quo ante relief.[8]

The appellant's claim of attorney fees does not bar the dismissal of the appeal as moot.

¶21    The appellant asserts on review that, because the agency rescinded the indefinite suspension, she is the "prevailing party," and thus is entitled to reimbursement of attorney fees. PFR File, Tab 1 at 12-22. Because she has not been paid said attorney fees, argues the appellant, she has not been returned to status quo ante and the appeal is not moot. *Id*. at 20-22. The administrative judge held that, when an agency unilaterally rescinds an adverse action, the appellant generally is not considered the prevailing party. ID at 7. She further held that, in any event, the Board does not adjudicate attorney fee requests until a final decision has been issued. *Id.* We agree with the administrative judge that, if the agency on remand sufficiently returns the appellant to status quo ante as set forth in this order, the Board is not barred from dismissing the appeal as moot, regardless of the appellant's claim of attorney fees.

¶22    For an appeal to be rendered moot, an appellant must receive all of the relief that she could have received if the matter had been adjudicated and she had

___

date the agency cancelled the appellant's suspension, August 12, 2019. IAF, Tab 12 at 6; *see Rittgers*, 123 M.S.P.R. 31, ¶ 12 (finding an appellant generally is not entitled to overtime pay during a period of administrative leave).

[8] The appellant has filed a motion for leave to file an additional pleading in which she alleges that she was not returned to the status quo ante because of a time-off award that she was not permitted to use and which expired while she was on administrative leave. PFR File, Tab 9. On remand, the administrative judge shall permit the appellant to submit evidence and argument relating to this issue.

prevailed. *Murphy*, 107 M.S.P.R. 154, ¶ 6. However, the Board has held that the potential recovery of attorney fees under 5 U.S.C. § 7701(g)(1) does not prevent the dismissal of an appeal as moot. *Murphy*, 107 M.S.P.R. 154, ¶ 6. Rather, the award of attorney fees to a prevailing party is considered to be separate from relief on the merits. *See id.* Thus, the appellant here may file for such award in accordance with the requirements of the Board's regulations, and the potential dismissal of this appeal as moot will have no prejudicial effect on the outcome of that separate proceeding. *Alleman v. Department of the Army*, 79 M.S.P.R. 233, 239-40 (1998); 5 C.F.R. § 1201.203. Because the issue of the appellant's entitlement to attorney fees is not properly before us, we decline to consider the appellant's arguments that such fees are warranted in the interest of justice. PFR File, Tab 1 at 12-17. Similarly, we decline to address the appellant's argument that her attorney failed to convey the appellant's arguments regarding attorney fees to the administrative judge. *Id.* at 11, 17.

¶23 On remand, even if the administrative judge determines that the agency has returned the appellant to status quo ante and dismisses the appeal as moot, the appellant may seek attorney fees in a separate proceeding. Alternatively, if the agency fails to return the appellant to status quo ante, the administrative judge will adjudicate the appeal on the merits. *See Fernandez*, 105 M.S.P.R. 443, ¶ 5 (finding that, if an appeal is not truly moot despite cancellation of the action under appeal, the proper remedy is for the Board to retain jurisdiction and to adjudicate the appeal on the merits). In that scenario, the appellant may similarly file for such attorney fees if she is the prevailing party.

The appellant's discrimination claim does not prevent a mootness finding.

¶24 The appellant claims, both below and on review, that the DODCAF's decision to revoke her security clearance was the result of disability discrimination. IAF, Tab 9 at 4-5, Tab 10 at 35, 49; PFR File, Tab 1 at 16-17. The administrative judge found that the Board lacks the authority to review the substance of the underlying security determination, including the authority to

consider the appellant's assertion of disability discrimination. ID at 3 n.1. We agree.

¶25    Ordinarily, if an appellant raises a claim of compensatory damages over an appealable action, the agency's complete rescission of the action appealed does not afford her all of the relief available before the Board and the appeal is not moot. *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 8 (2016). Lack of mootness in such circumstances is premised on the Board's ability to award compensatory damages. *Id.*, ¶¶ 8, 19. The Board lacks authority to review allegations of prohibited discrimination or reprisal related to the revocation or suspension of a security clearance. *Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 19 (2014). Because the Board cannot consider such allegations, it cannot make a finding that the agency violated the appellant's rights under the Rehabilitation Act. Such a finding is a prerequisite to awarding compensatory damages for disability discrimination in Federal employment. 42 U.S.C. § 1981a(a)(2). Thus, the fact that the appellant raised a disability discrimination claim does not prevent a mootness finding here.

Should the agency fail to return the appellant to status quo ante, the administrative judge should address the appellant's claim of harmful procedural error.

¶26    The appellant on review repeats her argument from below that the DODCAF's decision to revoke her security clearance, and the ensuing indefinite suspension, suffered from harmful procedural errors. IAF, Tab 9 at 5-7; PFR File, Tab 1 at 12-15, 17. The administrative judge did not address these arguments. We also do not address them because such alleged procedural errors involve the merits of the appellant's indefinite suspension and thus are only before the Board if her appeal is not moot.

¶27    As discussed above, the Board lacks the authority to review the merits of the decision to suspend access to classified information, including whether that decision was based on impermissible discrimination. *Palafox*, 124 M.S.P.R. 54,

¶ 8; *Putnam*, 121 M.S.P.R. 532, ¶ 19. However, the Board retains the authority to review whether: (1) the appellant's position required access to classified information; (2) the appellant's access to classified information was suspended; and (3) the appellant was provided with the due process and the procedural protections specified in 5 U.S.C. § 7513 and under the agency's own regulations. *Palafox*, 124 M.S.P.R. 54, ¶ 8.

¶28 We observe that the record is unclear as to whether the appellant's position required access to classified information or a Secret Clearance, as charged. IAF, Tab 10 at 22, 28, 394-95; *see Gamboa*, 120 M.S.P.R. 594, ¶ 8-11 (finding that an agency failed to prove its charge based on an appellant's clearance revocation because it failed to prove the appellant was required to maintain a security clearance). Furthermore, Department of Defense regulations preclude the agency from indefinitely suspending an employee based on a personnel security determination when the employee has filed an appeal with the PSAB and is awaiting a written decision on that appeal. *See Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516, ¶¶ 9-10 (2014).

¶29 On remand, should the administrative judge find that the agency fails to return the appellant to status quo ante, she must adjudicate this appeal on the merits and address these procedural issues as they pertain to the revocation of the appellant's security clearance and the subsequent indefinite suspension.

## ORDER

¶30 Accordingly, we REMAND this appeal to the Central Regional Office for a determination as to whether, after the parties have an opportunity to respond, the agency has returned the appellant to status quo ante. This includes the purging of both proposed indefinite suspensions and the suspension decision from the appellant's personnel file, the calculation of overtime pay, and whether the agency has a strong overriding interest in refusing to return the appellant to active duty. If the agency has done so, the administrative judge shall dismiss the appeal

as moot.  If the agency has not done so, the administrative judge shall adjudicate the appeal on its merits, including whether the indefinite suspension suffered from harmful procedural errors.

FOR THE BOARD:                                   /s/ for

                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.